■ HATTIE E. ZUBAL, Respondent, v. STATE OF NEW YORK, Appellant. (Claims Nos. 51661, 51662.) — Appeal from a judgment in favor of claimant, entered August 26, 1971, upon a decision of the Court of Claims. On June 10, 1968, the State of New York, pursuant to section 30 of the Highway Law, appropriated two parcels of land at the intersection of Curry Road and Hollywood Avenue in the Town of Rotterdam, owned by claimant and consisting of about 1,612 square feet. Prior to the appropriation, claimant's land consisted of an irregular parcel containing 20,988 square feet, improved with a one-story concrete block building wherein claimant conducted a supermarket business, and a residence with a two-car garage. The residence fronted on Hollywood Avenue and the market on Curry Road. A parking lot for customers was located on Hollywood Avenue in front of the residence and along the easterly side of the market. Parking for customers was also available in front of the market on a strip of land 22 feet deep which also afforded access to delivery trucks to the market storage area. After the appropriation, the strip of land in front of the market was reduced to a maximum depth of about 11 feet and a minimum depth of about nine feet, thereby eliminating the parking area from the front of the market, and the parking lot was also reduced in size. Claimant, State and court all agreed that the highest and best use of the property was its present business use. Claimant's appraiser arrived at a before value of $117,250 consisting of land at $62,750; buildings at $52,210 and land improvements at $2,275. He considered the after value to be $79,775 consisting of land at $50,600; buildings at $27,218 and improvements at $1,955. He allocated the total damages of $37,500 as follows: direct damage to land, $12,182; direct damage to land improvements $320 and consequential damage to remainder $24,992. The State's appraiser arrived at a before value of $88,300 consisting of land at $34,800 and buildings and improvements at $53,500. He determined the after value to be $80,200 of which he allocated $32,200 to land and $48,000 to buildings and improvements, thus arriving at total damages of $8,100 of which he allocated $2,600 for direct damage to land; $400 for direct damage to land improvements and $5,100 to consequential damages. The court found the before value to be $98,250 allocating $38,500 to land and, although it did not state the value attributed to buildings and land improvement by computation, it appears the court allocated $59,750 to those items. The after value was found to be $80,250, thus establishing total damages of $18,000 of which $9,500 was allocated to direct damage, and $8,500 to consequential damages. The court thus found a before value for buildings and land improvements $5,265 higher than the most favorable testimony for the claimant, and made no explanation for this finding. The valuation being outside of the range of the expert testimony without any explanation therefor by the trial court, it may not be used in computing damages. (*Spyros* v. *State of New York*, 25 A D 2d 696.) There is further error in the award for direct damages for the land taken. The claimant's expert testified that the direct damages to the land were $12,182, the State's expert's figure was $2,600, and the court awarded $9,500. However, claimant's before value for direct damages to the land was $4.17 per square foot and, since the taking consisted of 1,612 square feet, the

total amount that could be awarded for this item was $6,722. The trial court's award for direct damages to the land of $9,500 was also outside of the range of the testimony. The court's failure to allocate its valuations for after value to land and buildings also prevents an intelligent review of the total award. There being no explanation for the conclusions reached by the court, we are unable to adequately review its findings and, under these circumstances, the case should be remanded to the trial court to present adequate findings. (*Spyros* v. *State of New York, supra*; *Conklin* v. *State of New York*, 22 A D 2d 481.) Determination of the appeal withheld, and case remitted to the Court of Claims for further proceedings not inconsistent with the decision herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.